ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL IV**

| | | |
|---|---|---|
| **DANIEL RIVERA COLÓN** <br> RECURRENTE(S) <br><br> V. <br><br> **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN** <br> RECURRIDA(S) | **KLRA202400654** | ***REVISIÓN DE DECISIÓN ADMINISTRATIVA*** procedente del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN** (**DCR**) <br><br> Caso Núm. **B-1097-24** <br><br> Sobre: Dieta |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 20 de marzo de 2025.

Comparece ante nos, el señor **DANIEL RIVERA COLÓN** (señor **RIVERA COLÓN**), por derecho propio e *in forma pauperis*, mediante *Revisión Judicial* instada el 4 de noviembre de 2024.[1] En su escrito, nos solicita que revisemos la *Respuesta al Miembro de la Población Correccional* (*Respuesta*) emitida el 23 de agosto de 2024 por la División de Remedios Administrativos del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN** (**DCR**).[2] En dicha *Respuesta*, el **DCR** dispuso: "Se aneja copia de la Respuesta del Área, adjunto". La *Respuesta del Área Concernida/ Superintendente* fechada 16 de agosto de 2024 expresa: "Sr. Rivera a el momento de reci[b]ir este remedio no hemos reci[b]ido orden m[é]dica. La misma tiene que ser renovada en la 501".

---

[1] El Departamento de Corrección y Rehabilitación (DCR) presentó *Certificación* de la cual surge que del libro de Mociones Radicadas por Miembros de la Población Correccional no aparece que al señor **RIVERA COLÓN** se le haya ponchado moción alguna durante los meses de noviembre y diciembre de 2024.

[2] Apéndice de *Solicitud de Desestimación por Academicidad*, págs. 8- 9.

Número Identificador:
SEN2025_____

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El 14 de julio de 2024, el señor RIVERA COLÓN suscribió una *Solicitud de Remedio Administrativo (Solicitud)* exponiendo, entre otras cosas, que estaba teniendo problemas con su dieta alta en fibra; no estaban cumpliendo con la orden medica de la doctora Damaris Silvas Santana, internista del C.M.C. de Bayamón; y no estaban enviando los dos (2) panes integrales en el desayuno ni la mantequilla de maní.[3] Dicha *Solicitud* fue presentada el 7 de agosto de 2024 y recibió el número B-1097-24.

Posteriormente, el día 23 de agosto de 2024, la señora Maribel García Charriez, evaluadora de la División de Remedios Administrativos del **DCR**, firmó la *Respuesta al Miembro de la Población Correccional* manifestando lo siguiente: "Se aneja copia de la Respuesta del Área, adjunto". La aludida *Respuesta del Área Concernida/ Superintendente* enuncia: "Sr. Rivera a el momento de reci[b]ir este remedio no hemos reci[b]ido orden m[é]dica. La misma tiene que ser renovada en la 501". La notificación fue efectuada el 28 de agosto de 2024.

Ese mismo día, el señor RIVERA COLÓN firmó la *Solicitud de Reconsideración* replicando que: "al Sr. Cesar Lugos Ramírez que puede hacer las averiguaciones pertinentes sobre dicho tratamiento de dieta alta en fibra por mi condición de [h]ipoglicemia, condición azúcar baja y estreñimiento. [..] mi dieta fue [renovada] en esta institución, como también en la fecha, 10/16/2024, pero luego fue cambiada, no se él [por qué]. Necesito su [cooperación] lo más pronto posible ya que mi condición se está viendo afectada".[4] Dicho petitorio fue presentado el 5 de septiembre de 2024 ante la División de Remedios Administrativos del **DCR**.

El 25 de septiembre de 2024, fue acogida la *Solicitud de*

---

[3] Apéndice de *Solicitud de Desestimación por Academicidad*, pág. 5.
[4] *Íd.* pág. 11.

*Reconsideración.*[5] Así las cosas, el 15 de octubre de 2024, la señora Joan Damaris Robles Domínguez, Coordinadora Regional de la División de Remedios Administrativos del **DCR**, dictaminó *Resolución* en la cual se confirmó y amplió la *Respuesta* recibida por parte del Cesar Lugo Ramírez, supervisor de alimentos, Centro de Ingreso Metropolitano Bayamón 705. Se orientó al señor **RIVERA COLÓN** "que al momento de corroborar con el Área de Cocina ya tiene activa la dieta alta en fibra e hipoglucémica. La nutricionista desglosa como va a recibir los alimentos. Es importante señalar que el pan integral no solo contiene fibra; las habichuelas, vegetales, galletas integrales entre otros alimentos contienen fibra. Es por esa razón que el área de cocina al momento de suministrar la dieta del recurrente se deja llevar por las especificaciones de la nutricionista".[6] El 29 de octubre de 2024, el señor **RIVERA COLÓN** recibió su copia de esta *Resolución*.

Inconforme con la antedicha conclusión, el 4 de noviembre de 2024, el señor **RIVERA COLÓN** acudió ante este Tribunal de Apelaciones mediante su *Revisión Judicial*. En su manuscrito, señala el(los) siguiente(s) error(es):

> La dilación en proveer atención medica se [considera} un trato cruel [inusitado].

El 10 de diciembre de 2024, dictaminamos *Resolución* en la cual se concedió un plazo perentorio de treinta (30) días para exponer posición sobre el recurso incoado al **DCR**. El pasado 13 de enero, el **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN** (**DCR**), por conducto de la Oficina del Procurador General de Puerto Rico, presentó su *Solicitud de Desestimación por Academicidad* aduciendo que el **DCR** ya tiene activa la dieta en fibra e hipoglucémica y la nutricionista es quien disponía la forma en que se iba a recibir los alimentos.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición

---

[5] *Íd.* pág. 16.
[6] Apéndice de *Solicitud de Desestimación por Academicidad*, págs. 14- 15.

de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

## - II –

### - A - *Jurisdicción*

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[7] Por lo que, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[8]

Los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. Si un tribunal se percata que carece de *jurisdicción*, así tiene que declararlo y desestimar el caso.[9]

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* trae consigo las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[10]

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida

---

[7] *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).
[8] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).
[9] *FCPR v. ELA et al.*, *supra*; *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*; *Allied Mgmt. Group v. Oriental Bank*, *supra*, págs. 366- 387.
[10] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 395; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101- 102 (2020).

entre partes opuestas que tengan un interés real en obtener un remedio.[11] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[12]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[13]

La Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones dispone en lo pertinente que: "Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: [ ]...(5) que el recurso se ha convertido en académico".[14] Una vez un tribunal determina que no tiene *jurisdicción*, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".[15] Ello sin entrar en los méritos de la controversia ante sí.

- III -

En este recurso, el señor **RIVERA COLÓN** alegó que el **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** incidió en la dilación de proveer atención médica lo cual se considera un trato cruel inusitado.

---

[11] *Ramos, Méndez v. García García*, 203 DPR 379, 393- 394 (2019).
[12] *Íd.*
[13] *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014).
[14] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*
[15] *Allied Mgmt Group v. Oriental Bank, supra*, pág. 385.

Hemos evaluado todos los documentos presentados por las partes y se revela que desde la fecha en que se atendió la *Solicitud de Reconsideración,* el señor **RIVERA COLÓN** recibe su dieta alta en fibra e hipoglucémica conforme a las recomendaciones de la nutricionista de la institución. En consecuencia, entendemos que los hechos medulares han cambiado toda vez que la reclamación del señor **RIVERA COLÓN** ha sido atendida. Ante la ausencia de una controversia genuina entre las partes, entendemos que la *Revisión Judicial* se ha tornado *académica*.

## - IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones, ***desestimamos,*** por academicidad, esta *Revisión Judicial* incoada el 4 de noviembre de 2024 por el señor **RIVERA COLÓN**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese al(a la) señor(a) DANIEL RIVERA COLÓN quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación a: Institución Bayamón 501 Edif. 2-F Celda #213 P. O. Box 607073 50 Carr. # 5 Industrial Luchetti Bayamón, PR 00961- 7403 o en cualquier institución en donde se encuentre.**

**Notifíquese inmediatamente.**

Lo acordó el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones